UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAYE HOMES, INC.,

    Plaintiff,

v.                                      CASE NO. 2:07-cv-302-FtM-29SPC

ORIGINAL CUSTOM HOMES CORP.,
PABLO A. SEVERO, SARA M.
SEVERO, JOSE M. SACO, and
MELINA SEVERO,

    Defendant.
_____/

### DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT, REQUEST FOR ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT

Defendants, ORIGINAL CUSTOM HOMES CORP., PABLO A. SEVERO, SARA M. SEVERO, JOSE M. SACO, and MELINA SEVERO, by and through their undersigned attorney, hereby file their Motion to Dismiss or, alternatively, Motion for a More Definite Statement, and Request for Attorney's Fees and Costs, pursuant to Rules 12(b)(1), 12(b)(6), and 12(e), Federal Rules of Civil Procedure, and 17 U.S.C. §§ 411 and 505, and state as follows:

On or about June 12, 2007 Plaintiff filed a two-count Complaint seeking damages and injunctive relief against the Defendants for alleged copyright infringement of two architectural works pursuant to the Federal Copyright Act.

**Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6)**

1.    17 U.S.C. § 411(a), Federal Copyright Act, states that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with

this title." In the Eleventh Circuit, filing an application for copyright registration is not sufficient to bring an infringement action under the Federal Copyright Act.

2. Plaintiff admits the only action it has taken is to file applications for copyright, but Plaintiff has not yet received a Certificate of Registration for the works at issue in this dispute. Compl. ¶¶ 11, 21. Plaintiff's action is premature because Plaintiff does not possess Certificates of Registration for these works.

### Motion to Dismiss or, alternatively, for a more definite statement pursuant to Rule 12(e)

3. When a complaint fails to articulate claims with sufficient clarity to enable defendants to properly frame a response, it constitutes a shotgun pleading.

4. Plaintiff's Complaint makes no distinction between the alleged conduct of the multiple defendants and fails to notify each individual defendant of the action that led to his or her inclusion in this lawsuit. As such, this Court should dismiss Plaintiff's claim or, alternatively, require Plaintiffs to file a more definite statement.

### Request for attorney's fees and costs pursuant to 17 U.S.C. § 505

5. 17 U.S.C § 505, Federal Copyright Act, expressly allows the prevailing party to recover reasonable attorney's fees and costs against the non-prevailing party.

6. As a result of Plaintiffs' Complaint, Defendants were compelled to retain the services of the undersigned attorney and have agreed to pay a reasonable fee for legal services in connection with the filing of this Motion. Defendants are entitled to recover attorney's fees and costs against the Plaintiff.

### MEMORANDUM OF LAW IN SUPPORT

The Plaintiff, Kaye Homes, Inc., filed a two-count complaint against the Defendants, Original Custom Homes Corp., Pablo A. Severo, Sara M. Severo, Jose M.

Saco, and Melina Severo, alleging violations of the Federal Copyright Act. Original Custom Homes is a corporation, while the remaining defendants are natural persons. Compl. ¶¶ 3-7. The Plaintiff alleges it is the owner of two original architectural works entitled the "Roosevelt" and the "Georgetown," of which Plaintiff is the owner of the copyrights of these works. Compl. ¶¶ 9-11, 19-21. Plaintiff further alleges the Defendants infringed upon both works by advertising, designing, constructing, and participating in the construction of multiple residences using Plaintiff's copyrighted work. Compl. ¶¶ 13, 23. The Plaintiff has filed a registration application; however, the Plaintiff has not received the Certificate of Registration for the works at issue. Compl. ¶¶ 11, 21. The Plaintiff seeks damages and injunctive relief against the Defendants, including statutory damages and attorney's fees. Compl. ¶¶ 15, 25.

I. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party can bring a facial or factual challenge to a court's subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Under a facial challenge, the court assumes that all of the plaintiff's allegations are true and determines whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. Id. at 1529. Additionally, the court has authority to dismiss a suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, if the Complaint clearly demonstrates the plaintiff cannot prove any set of facts that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Finally, pursuant to Federal Rule of Civil Procedure 12(e), when a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a response, the court should require the party to file a more definite statement.

II. **ARGUMENT**

    A. **Plaintiff's action should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because Plaintiff cannot bring a copyright infringement action until registration of the copyright claim has been made.**

An action for copyright infringement cannot be instituted until registration of the copyright claim has been made. 17 U.S.C. § 411 (2007). The Eleventh Circuit is clear that "the registration requirement is a jurisdictional prerequisite to an infringement suit." Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000) (quoting M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990)); Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994). Furthermore, "[i]n the Eleventh Circuit, simply filing an application for copyright registration is not sufficient to provide federal courts with jurisdiction." SM Licensing Corp. v. U.S. Medical Care Holdings, L.L.C., 2007 WL 1238582, *1 (S.D. Fla. April 26, 2007) (citing Home Design Svcs., Inc. v. Green Horne Corp., 2003 WL 21544165 (M.D. Fla. 2003)). Courts in other circuits have also ruled that registration is required before a party can bring an action alleging infringement. See Krego v. Associated Press, 795 F. Supp. 1325, 1331 (S.D.N.Y. 1992), aff'd, 3 F.3d 656 (2d Cir. 1993) ("[R]eceipt of an actual Certificate of Registration or denial of same is a jurisdictional requirement"); Harvard Apparatus, Inc. v. Cohen, 130 F. Supp. 2d 161, 164 (D. Mass. 2001); but see Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994).

In its Complaint, Plaintiff admits it has merely filed copyright registrations for the architectural works at issue. Compl. ¶¶ 11, 21. Because the Plaintiff has not yet obtained a Certificate of Registration for these works, this action is premature. As such, this Court should dismiss Plaintiff's action for lack of subject matter jurisdiction under

Rule 12(b)(1) or, alternatively, dismiss this action for failure to state a claim under Rule 12(b)(6).

### B. Plaintiff's Complaint is a "shotgun pleading" requiring dismissal or, in the alternative, Plaintiff should be required to file a more definite statement.

A complaint that fails to articulate claims with sufficient clarity to enable defendants to properly frame a response constitutes a "shotgun pleading." Danow v. Borack, 197 Fed. Appx. 853, 855 (11th Cir. 2006). The Eleventh Circuit has noted "shotgun pleadings" can be harmful and costly to litigants as well as the courts. See Byren v. Nezhat, 261 F.3d 1075, 1129. When a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party required to respond may also move for a more definite statement. Fed. R. Civ. P. 12(e).

This Court addressed the issue of "shotgun pleadings" in a case strikingly similar to the case at hand. Home Design Servs., Inc. v. David Weekley Homes, LLC, 2007 WL 1080001, *3 (M.D. Fla. Apr. 9, 2007). In Home Design, the plaintiff's complaint consisted of a vague allegation against thirteen defendants. Id. The complaint stated that the "defendants infringed said copyright by advertising, designing, constructing and participating in the construction of multiple residences, all of which were copied largely from plaintiff's copyrighted [work]." Id. In the instant case, Plaintiff's Complaint uses language nearly identical to that which the Plaintiff used in Home Design.[1] Compl. ¶¶ 13, 23 ("the Defendants infringed said copyrights by advertising, designing, constructing and participating in the construction of multiple residences, all of which were copied largely from Plaintiff's copyrighted Work 1."). Similar to Home Design, the instant

Complaint makes no distinction between the conduct of the defendants, and it fails to notify each individual defendant of the action that led to his or her inclusion in this lawsuit. Because Plaintiff's Complaint constitutes a "shotgun pleading," this Court should dismiss Plaintiff's claims or, alternatively, require the Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

    C.    **Attorney's fees and costs should be awarded to Defendants as the prevailing party, pursuant to 17 U.S.C. § 505.**

Section 505 of the Copyright Act allows the prevailing party in an action to recover full costs and reasonable attorney's fees. The prevailing party under Section 505 is identified as the party succeeding on a "significant litigated issue." Cable/Home Commc'ns Corp. v. Network Prods., Inc., 902 F.2d 829, 850 (11th Cir. 1990). Defendants' Motion to Dismiss in response to the Complaint is certainly a significant litigated issue. Defendants were compelled to retain the services of the undersigned attorney and have agreed to pay a reasonable fee for legal services in connection with the filing of this Motion. Therefore, Defendants should recover full costs and reasonable attorney's fees against Plaintiff pursuant to 17 U.S.C. § 505.

WHEREFORE, Defendants, ORIGINAL CUSTOM HOMES CORP., PABLO A. SEVERO, SARA M. SEVERO, JOSE M. SACO, and MELINA SEVERO, INC., request this Court dismiss Plaintiff's Complaint or, alternatively, require Plaintiff to file a more definite statement, and award Defendants' attorney's fees and costs, and any further relief as is deemed appropriate.

**CERTIFICATE OF SERVICE**

---

[1] This is particularly egregious because the Plaintiff's attorney in the instant case is represented by the same law firm as the Plaintiff in Home Design; nonetheless, the Plaintiff's law firm continues to file the same "shotgun" pleading.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished to the following:

Anthony M. Lawhon, Esq.
Parrish, Lawhon & Yarnell, P.A.,
3431 Pine Ridge Road, Suite 101,
Naples, Florida 34109
*Attorney for Plaintiff*

Shannon Kelly Rosser, Esq.,
Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A.,
100 North Tampa St., Ste. 3650
P.O. Box 2152
Tampa, Florida 33602
*Attorney for Original Custom Homes Corp.*

by electronic notice or by regular United States Mail, this ___13___ day of July, 2007.

HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
Attorneys for Defendants
Post Office Box 280
Fort Myers, Florida 33902-0280
239.344-1100

By:_____
Douglas B. Szabo
Florida Bar No. 710733