```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION

KAYE HOMES, INC.,

                    Plaintiff,

vs.                              Case No.   2:07-cv-392-FtM-29SPC

ORIGINAL CUSTOM HOMES CORP.; PABLO
A. SEVERO; SARA M. SEVERO; JOSE M.
SACO; MELINA SEVERO,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Doc. #20) filed on July 13, 2007. Plaintiff filed a Response in Opposition (Doc. #33) on August 6, 2007. Defendant challenges the subject matter jurisdiction of the court because plaintiff has not registered his copyrights, although registration applications are pending.

**I.**

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint; the court takes the allegations in the complaint as true, and the complaint may be dismissed only if it is clear that

no relief could be granted under any set of facts that could be proved consistent with the allegations. Morrison, 323 F.3d at 924 n.5. In a factual attack motion, the court is not limited to the facts alleged in the Complaint, but may consider extrinsic evidence such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. Morrison, 323 F.3d at 924-25; Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). Defendant in this case mounts a facial attack on the Complaint.

Defendant also challenges the sufficiency of the Complaint under Rule 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct. at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Complaint (Doc. #1) alleges the following facts: Kay Homes created two architectural works entitled the Roosevelt and the Georgetown in 1998 and 1994 respectively. The Complaint alleges that "Plaintiff complied in all respects with the Federal Copyright Act," "has filed a registration application" for each work, and "anticipates receiving from the Register of Copyrights a certificate of registration" for each work. (Doc. #1, ¶¶ 11, 21.)[1]

---

[1] The Court notes that ¶21, under Count II, references the Roosevelt, however the remaining allegations in Count II relate to the Georgetown, and therefore the Court will assume that ¶21 was intended to reference the Georgetown.

Plaintiff alleges that defendant has infringed upon his copyright with regard to both works.

### III.

Defendants' Motion to Dismiss asserts that because plaintiff does not have a copyright certificate of registration as to either the Georgetown or the Roosevelt, this Court lacks subject matter jurisdiction over Home Design's claims. Defendants assert that an application alone is insufficient to confer jurisdiction on the Court. (Doc. #20, p. 4.) Plaintiff admits that responses have not been received from the Copyright Office in regards to the two copyright registration applications covering the Roosevelt and the Georgetown. (Doc. #33, p. 2.) Plaintiff asserts, however, that an application for copyright registration is sufficient to confer subject matter jurisdiction on the Court. (Doc. #33, pp. 2-3.)

This case turns on the interpretation of the jurisdictional statute contained within the Federal Copyright Act, which provides in relevant part that:

> No action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title.  In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). The Circuit Courts of Appeal have split in their interpretation of this statute, with one group finding that

filing an application is sufficient to vest jurisdiction, see e.g. Action Tapes, Inc. v. Mattson, 462 F.3d 1010 (8th Cir. 2006), and one group finding that registration must be obtained for jurisdiction to vest. See e.g. La Resolana Architects v. Clay Realtors Angel Fire, 416 F.3d 1195 (10th Cir. 2005). The Eleventh Circuit has held that registration is necessary for a federal court to have subject matter jurisdiction. Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1285 (11th Cir. 2000)("Although a copyright need not have been registered in all cases before it may be infringed, the owner of that copyright must register the copyright before a federal court can entertain an infringement suit."); Arthur Rutenberg Homes v. Drew Homes, Inc., 29 F.3d 1529, 1532 (11th Cir. 1994)("Copyright registration is a pre-requisite to the institution of a copyright infringement lawsuit."); M.G.B. Homes v. Ameron Homes, 903 F.2d 1486, 1488 (11th Cir. 1990)("The registration requirement is a jurisdiction prerequisite to an infringement suit."); Watkins v. Southeastern Newspapers, Inc., 163 Fed. Appx. 823, 824 (11th Cir. 2006)(same).

Plaintiff argues that the Brewer-Giorgio ruling does not oblige the Court to follow the "registration" approach in this case because it is silent as to situations where an application has been filed and no decision has been rendered by the Copyright Office. (Doc. #33, p. 4.) The Court is not persuaded; it seems clear that the Eleventh Circuit has adopted the registration approach, and the only issue is its application to the facts in this case.

In the past the undersigned has allowed a copyright infringement complaint to proceed under the Rule 12(b)(6) standard upon allegations similar to those in this case, i.e., that the application has been filed, registration is pending, and plaintiff owns the copyright. Upon further reflection, the Court concludes that this approach is not well founded. "In the Eleventh Circuit, simply filing an application for copyright registration is not sufficient to provide federal courts with jurisdiction." SM Licensing Corp. v. U.S. Medical Care Holdings, L.L.C., No. 07-20293, 2007 WL 1238582 (S.D. Fla. Apr. 26, 2007)(citing Home Design Services, Inc. v. Green Horne Corp., No. 6:03-cv-425-ORL-22DAB, 2003 WL 21544165 (M.D. Fla. May 30, 2003)). The Eleventh Circuit's opinion in M.G.B. Homes cited with approval cases finding a lack of subject matter jurisdiction when the application was pending but registration had not been granted. M.G.B. Homes, 903 F.2d at 1488 n.4 (citing Demetriades v. Kaufmann, 680 F. Supp. 658 (S.D.N.Y. 1988)); Int'l Trade Mgmt., Inc. v. United States, 553 F. Supp. 402 (Cl. Ct. 1982).[2]

Defendants also seek to recover full costs and reasonable attorney's fees as the prevailing party under 17 U.S.C. § 505. (Doc. #20, p. 6.) Upon review of the record, the Court declines to award attorney's fees or recovery of full costs under Title 17.

---

[2]The Court also notes that the Complaint does not comply with FED. R. CIV. P. 8 as it constitutes a shotgun pleading.

However, upon the entry of judgment defendants may pursue statutory costs under 28 U.S.C. § 1920.

Accordingly, it is now

**ORDERED**:

1.   Defendants' Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Doc. #20) is **GRANTED** without prejudice as to the Motion to Dismiss and **DENIED as moot** as to the Motion for More Definite Statement.

2.   The Clerk is directed to enter judgment accordingly and close the file.  The Clerk is further directed to terminate all previously scheduled deadlines and pending motions.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of August, 2007.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record